UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDALL C. GRAY, | ) | 1:08-cv-00717-AWI-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DENY MOTION TO DISMISS (Doc. 15); |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| v. | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| J. D. HARTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on May 22, 2008. (Doc. 1). On August 14, 2008, the Court ordered Respondent to file a response (Doc. 4), and on November 12, 2008, Respondent filed the instant motion to dismiss in lieu of an answer, contending that Petitioner's claim does not state a federal question or, alternatively, if it does, the claim was not fully exhausted in state court. (Doc. 15). On January 7, 2009, Petitioner filed an opposition to the motion to dismiss. (Doc. 18).

**DISCUSSION**

1

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never exhausted his claim in the California Supreme Court or, alternatively, that the claim does not state a federal question. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

B.  Stating A Cognizable Federal Question.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

Here, Respondent contends that the petition should be denied since it "presents only a question of California law." (Doc. 15, p. 2). Respondent goes on to explain that Petitioner "has alleged only that the state courts have incorrectly interpreted their own statutory and case law." (Id., p. 4). Respondent then reasons that because Petitioner "argues only that California has incorrectly interpreted its state statutes, he is barred from federal relief." (Id.).

In the Court's view, this is an unreasonably narrow construction of Petitioner's habeas claim. The instant petition claims that "The Board of Parole Hearing[']s ("BPH") failure to grant parole has deprived petitioner of the benefits of his plea bargain *in violation of the Fourteenth Amendment of the United States Constitution.*" (Doc. 1, p. 4). Later in the petition, Petitioner expands on his thesis by explaining that under federal law he has a liberty interest in parole and in obtaining the benefits of his plea bargain, that BPH backlogs have deprived him of a timely parole hearing, and that Respondent's policies of denying parole based on the egregious nature of the commitment offense, all of which denied Petitioner his due process rights under the Fourteenth Amendment. (Id. pp. 8-10). In support of his contentions, Petitioner cites several federal cases as well.

Construing, as the Court must, Petitioner's claims in a liberal fashion, it seems that Petitioner has pleaded at least a threshold violation of federal law such that this Court has habeas jurisdiction to proceed. Accordingly, the Court rejects Respondent's motion to dismiss insofar as it is premised on Petitioner's purported failure to state a federal claim.

C.  Exhaustion.

Respondent further contends, however, that even if the petition states a federal claim, Petitioner has not exhausted that claim in state court because:

> [t]he state court Petition fails to make any federal argument as to why Gray is being illegally denied parole.  Rather, in that Petitioner Gray argues only that, under a supposedly correct interpretation of state law, Gray is absolutely entitled to parole regardless of his parole suitability.  The only federal authority which is even cited are various cases concerning statutory interpretation, which Gray argued were in accord with the proper California rules of interpretation.

(Doc. 15, p. 3).  Appended to Respondent's motion to dismiss is a copy of the habeas corpus petition filed by Petitioner in the California Supreme Court.  (Id., Exh.A).[1]

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

---

[1] Respondent has requested that the Court take judicial notice of the petition filed by Petitioner in the California Supreme Court. (Doc. 15, p. 3).  The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). Accordingly, the Court grants Respondent's request and takes judicial notice of the state habeas petition attached to the motion to dismiss as Exhibit A.

1  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

2  (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

3  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

4  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*.  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds.  Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, Respondent has appended to the motion to dismiss a copy of Petitioner's habeas petition presented to the California Supreme Court.  After carefully reviewing the document, it seems that, contrary to Respondent's assertions, Petitioner did in fact present the very federal question to the California Supreme Court that he has raised in the instant petition.

The form petition presented to the California Supreme Court directs the reader to "See Attached."  (Doc. 15, Exh. A, p. 5).  Attached to Exhibit A is a copy of Petitioner's habeas petition presented to the San Bernardino County Superior Court in an earlier filing.  Argument II of that petition contends that BPH violated Petitioner's federal due process rights by failing to release him at the expiration of the term Petitioner claims is required by state law.  (Id., p. 12).

5

1    It is true, as Respondent argues, that the balance of Petitioner's argument to the Superior
2 Court pertains to the statutory construction and application of state sentencing laws; however, that
3 does not negate the fact that Petitioner raised the claim before the state court in the context of a
4 federally protected right. That same claim was then raised in the California Supreme Court and
5 repeated again in the instant petition.

6    While Respondent may, with reason, regard such a claim with suspicion, the appropriate
7 method of resolving such a properly pleaded and fully exhausted claim is by a decision on the merits
8 of the petition. By moving to dismiss the claim on these grounds, Respondent, in essence, asks the
9 Court to grant a summary dismissal of the claim for lack of merit. As mentioned, however,
10 Petitioner has properly pleaded a federal question and has exhausted that federal question in state
11 court. He is therefore entitled to have his claim heard. It is now the responsibility of Respondent to
12 address the merits of Petitioner's claim, notwithstanding Respondent's opinion that the claim is of
13 but dubious merit.[2]

## RECOMMENDATION

15    Accordingly, the Court HEREBY RECOMMENDS that Respondent's Motion to Dismiss
16 (Doc. 15), be DENIED.

17    This Findings and Recommendation is submitted to the United States District Court Judge
18 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
19 Local Rules of Practice for the United States District Court, Eastern District of California. Within
20 twenty (20) days after being served with a copy, any party may file written objections with the Court
21 and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
22 Judge's Findings and Recommendations." Replies to the objections shall be served and filed within
23 ten (10) court days (plus three days if served by mail) after service of the objections. The Court will
24 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are
25 advised that failure to file objections within the specified time may waive the right to appeal the

---

[2] Once these Findings and Recommendations are adopted by the U.S. District Judge, this Court will issue an order for Respondent to address the merits of Petitioner's claim.

1 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 IT IS SO ORDERED.

     **Dated:**   **July 23, 2009**          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE