UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDALL C. GRAY, | ) | 1:08-cv—00717-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY MOTION FOR DEFAULT JUDGMENT |
| | ) | (DOC. 31) |
| v. | ) | |
| | ) | OBJECTIONS DUE:  THIRTY DAYS |
| J. D. HARTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Plaintiff is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is Petitioner's motion for default judgment filed on July 12, 2010.[1]

I. Background

August 14, 2008, the Court directed Respondent to file a response to the petition no later than sixty (60) days after service of the order.  On November 12, 2008, Respondent served by

---

[1] In filing an answer, Respondent proceeded in accordance with the Court's order directing a response.  Therefore, the Court exercises its discretion to conserve the resources of the Court and the parties by considering and determining Petitioner's motion for default judgment without requiring any input from Respondent.

1

1 mail on Petitioner and timely filed in this Court a motion to
2 dismiss in response to the petition. (Doc. 15.)  On September
3 21, 2009, the motion to dismiss was denied, and a response to the
4 petition was ordered.  On December 21, 2009, Respondent served
5 and filed a timely response to the petition.  Respondent briefed
6 the merits of the petition, which concerns the constitutionality
7 of a denial of Petitioner's parole, and also contested the
8 presence of cognizable claims based upon Respondent's
9 interpretation of the principles governing review of a parole
10 decision such as that before the Court in the instant case.
11 Petitioner filed a traverse on March 2, 2010.

12    On July 12, 2010, Petitioner filed a motion for default
13 judgment based on Petitioner's understanding that Respondent had
14 not timely responded to the petition. (Doc. 31, 2.)

15    Respondent has not responded to the applications for default
16 judgment.  However, the pertinent facts are clear from the
17 documents filed in this case.[2] The Court finds that the motions
18 are ready for decision.

19    II. Application for Default Judgment

20    With respect to Petitioner's application, the Court finds
21 that, as detailed above, Respondent timely responded to the
22 petition because the response was filed within the time ordered
23 by the Court.  The Court thus finds that there has been no delay
24 in the response to the petition.

25    Further, the initial filing of a motion to dismiss instead

---

[2] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

2

of an answer was appropriate and was authorized by the Court's order of August 14, 2008, which referred to the possibility of Respondent's filing a motion to dismiss and set forth a briefing schedule for any such motion. (Doc. 4, p. 2.) It is established that the filing of a motion to dismiss is authorized by Rule 4 of the Rules Governing Section 2254 Cases in the District Courts. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments.

In any event, a petitioner is not entitled to a default judgment where a respondent fails to respond to a petition for writ of habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws, or treaties of the United States. Section 2243 provides that the Court shall summarily hear and determine the facts and dispose of the matter as law and justice require. It is established that it is the petitioner's burden to show that he is in custody in violation of the laws of the United States. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 358 n. 3 (2003). A failure by state officials to comply timely with the deadlines set by the Court does not relieve Petitioner of this burden of proof or entitle him to entry of a default or a default judgment. <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (no entitlement to default judgment because of an untimely response); <u>United States ex rel. Mattox v. Scott</u>, 507 F.2d 919, 924 (7th Cir. 1974) (late filing of a motion to dismiss did not entitle a petitioner to entry of default); <u>Bermudez v. Reid</u>, 733 F.2d 18, 21 (2nd Cir. 1984) (late filing of

an answer did not justify default judgment).

Insofar as Petitioner seeks to proceed to judgment by having the merits of the petition considered, the Court will proceed in due course to consider the merits of the petition.

III. Recommendation

Accordingly, pursuant to the foregoing analysis, it is RECOMMENDED that Petitioner's application for default judgment be denied.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (B)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 28, 2010**          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

4