UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDALL C. GRAY, | ) | 1:08-cv-00717 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| J.D. HARTLEY, Warden, | ) | OBJECTIONS DUE WITHIN THIRTY (30) |
| | ) | DAYS |
| Respondent. | ) | |

Randall C. Gray (hereinafter "Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is not challenging his conviction in this action. Rather, Petitioner challenges the denial of his parole by the California Board of Parole Hearings (the "Board").

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a 1981 conviction for first-degree murder and first-degree burglary. The trial court sentenced Petitioner to a term of twenty-five years to life in prison.

Petitioner filed a petition for writ of habeas corpus with the San Bernardino County Superior Court challenging the Board's decision. The court denied the petition in a reasoned decision on February 15, 2007.

Petitioner also filed petitions for writ of habeas corpus with the California Court of Appeal and California Supreme Court. Both courts summarily denied the petitions.

Petitioner filed the instant petition on May 22, 2008. Respondent filed a motion to dismiss,

1  which was denied. Respondent then filed an answer to the petition on December 21, 2009.
2  Petitioner filed a traverse on March 2, 2010.

3      Petitioner filed a motion for default judgment on July 12, 2010, to which a federal magistrate
4  judge issued a Findings and Recommendations, recommending the motion be denied, on July 28,
5  2010. On August 27, 2010, Petitioner filed a motion for a forty-five day extension of time to file
6  objections to the Findings and Recommendations. The motion for extension was granted on August
7  30, 2010.[1] As of the date of this order, Petitioner's motion for default judgment and the Magistrate
8  Judge's Findings and Recommendations remain outstanding.

**DISCUSSION**

**I.   Jurisdiction**

A person in custody pursuant to the judgment of a State court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution and he is currently incarcerated at Avenal State Prison, which is located in Kings County. As Kings County falls within this judicial district, 28 U.S.C. § 84(b), the Court has jurisdiction over Petitioner's application for writ of habeas corpus. See 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction over application for writ of habeas corpus to the district court where the petitioner is currently in custody or the district court in which a State court convicted and sentenced Petitioner if the State "contains two or more Federal judicial districts").

**II.   ADEPA Standard of Review**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. Lindh v. Murphy, 521 U.S. 320, 326-327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *overruled on other grounds by* Lindh, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's

---

[1] As these Findings and Recommendations do not close the case, their issuance does not preclude Petitioner from filing objections to the Findings and Recommendations regarding his motion for default.

enactment)).  The instant petition was filed in 2009 and is consequently governed by the provisions of the AEDPA.  See Lockyer v. Andrade, 538 U.S. 63, 70 (2003).  Thus, the petition "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)), *overruled in part on other grounds*, Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc); see Lockyer, 538 U.S. at 70-71.

       Title 28 of the United States Code, section 2254 remains the exclusive vehicle for Petitioner's habeas petition because he is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment.  See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) *overruled in part on other grounds*, Hayward, 603 F.3d at 555.

       As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Id. (quoting Williams, 592 U.S. at 412).  "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  Id.

       Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."  Lockyer, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.  "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the

relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. Clark v. Murphy, 331 F.3d 1062, 1072 (9th Cir. 2003) ("While *only* the Supreme Court's precedents are binding on the Arizona court, and only those precedents need be reasonably applied, we may look for guidance to circuit precedents"); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999) ("because of the 1996 AEDPA amendments, it can no longer reverse a state court decision merely because that decision conflicts with Ninth Circuit precedent on a federal Constitutional issue . . . This does not mean that Ninth Circuit caselaw is never relevant to a habeas case after AEDPA. Our cases may be persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established'").  Furthermore, the AEDPA requires that the Court give considerable deference to state court decisions.  The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).  A federal habeas court is bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002).

### III.     Review of Petitioner's Claims

Petitioner alleges that his Fourteenth Amendment due process rights as well as his Eighth Amendment rights have been violated the Board's denial of parole.

Due Process

Petitioner claims that the Board denied his Fourteenth Amendment right to due process by denying him parole because he had served his "maximum term" and must be released regardless of the Board's determination of his suitability.  (Pet., 4, May 22. 2008, ECF No. 1; Traverse, 2, Mar. 2,

2010, ECF No. 29.)

Clearly established federal law states that an inmate's due process rights may be implicated by the Board's denial of parole. See Pearson v. Muntz, 606 F.3d 606, 611 (9th Cir. 2010) (holding that "California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness"); see also Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc); Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010) (noting that "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state").  However, this analysis is predicated on the inquiry of whether petitioner poses a current risk of danger to society. See Cooke, 606 F.3d at 1214 (quoting In re Lawrence, 44 Cal.4th 1181, 1210, 1213 (2008) for the proposition that "the paramount consideration for both the Board and the Governor" must be "whether the inmate currently poses a threat to public safety and thus may not be released on parole"); see also Cal. Code Regs. tit. 15, § 2402(a) ("[I]f in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison," the prisoner must be found unsuitable and denied parole). In sum, a due process analysis of this kind is only appropriate when a petitioner is challenging the Board's finding regarding the petitioner's suitability for parole.

In this case, Petitioner is adamant that he is not challenging the Board's finding that he was unsuitable for parole. (Traverse, 2.) Petitioner argues that he has been denied due process because he has not been released as of January 16, 2006, the date that the CDCR credit/term computation form[2] set as Petitioner's maximum parole eligibility date. (Pet. Ex. 1.) There is no clearly established federal law holding that a state prisoner serving a life sentence, with the possibility of parole, has a constitutional right to be released by his maximum parole eligibility date. As petitioner is not challenging the Board's finding of suitability, this claim is not cognizable on federal habeas

---

[2] The credit/term computation form sets a minimum eligible parole date and a maximum eligible parole date by calculating Petitioner's sentence after taking into consideration time served before the sentence start date, any enhancements, and the amount of good time credit Petitioner could possibly earn during his sentence. (See Pet. Ex. 1.)

review.[3]

Eighth Amendment

Petitioner claims that he, and every other prisoner who remains in custody past the date specified on the credit/term computation form, are currently subject to unlawful detention and false imprisonment in violation of the Eighth Amendment. (Pet. 15-16.)

A criminal sentence that is not proportionate to the crime for which a defendant is convicted may violate the Eighth Amendment. In Lockyer, 538 U.S. at 71, the Supreme Court discussed the current state of Eighth Amendment proportionality review and held that the only clearly established governing legal principle is that "gross disproportionality" review applies to criminal sentences for a term of years. Id. at 1173.

In Ewing v. California, 123 S. Ct.1179 (2003), the Supreme Court again reviewed its Eighth Amendment jurisprudence, choosing to adopt the view that "the Eighth Amendment does not require strict proportionality between the crime and the sentence. Rather it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Ewing, at 1186-1187.

Petitioner does not argue that his sentence is disproportional to his crime. As proportional review is the only clearly established federal law pertaining to the Eighth Amendment, Petitioner's claim is not cognizable on federal habeas review. Petitioner does not point to, nor does the Court find, any clearly established federal law which holds that the Eighth Amendment protects a prisoner's right be released by his maximum parole eligibility date. Accordingly, Petitioner cannot receive habeas relief as to his Eighth Amendment claim.

**CONCLUSION**

For the foregoing reasons, neither of Petitioner's claims are cognizable on federal habeas review and Petitioner's cannot be granted relief.

**RECOMMENDATION**

---

[3] Petitioner does not challenge his plea agreement nor is there any evidence that Petitioner understood the terms of the agreement to be anything other than twenty-five years to life. See Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003) (for the proposition that a petitioner's "due process rights conferred by the federal constitution allow her to enforce the terms of the plea agreement).

Accordingly, IT IS HEREBY RECOMMEND that:

1. The petition for writ of habeas corpus be DENIED;

2. All outstanding motions be vacated; and

3. The Clerk of Court be directed to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) *court* days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 13, 2010              /s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE